UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
WISS JOSEPH and MARIE JOSEPH, :
: **MEMORANDUM DECISION AND**
Plaintiffs, : **ORDER**
:
- against - : 24-cv-6572 (BMC)
:
DENER CEIDE, DEINER CEIDE :
PRODUCTIONS, INC., "ZAFEM", :
ZAFEMUSIC.COM, and ZAFEMEPK.COM, :
:
Defendants. :
----------------------------------------------------------- X

**COGAN**, District Judge.

This action for trademark infringement is presently before the Court on plaintiffs' motion for a default judgment, the Clerk having entered defendants' default upon the docket under Federal Rule of Civil Procedure 55(a). Defendants have not opposed, and plaintiffs' motion meets the requirements for a default judgment. The motion is accordingly granted to the extent set forth below.

## BACKGROUND

The following allegations in the complaint relating to liability are taken as true for purposes of this motion. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

Plaintiffs are the owners of the registered, stylized mark bearing the text "Zafem World Entertainment." Plaintiffs registered the mark in 2021 after using it for nearly a decade to promote concerts of Haitian-American music, dances, and related entertainment events. Plaintiffs' musical entertainment products have become well known in the Haitian-American music scene.

In May 2023, defendants attempted to register the mark "Zafem" for competing music services. The USPTO rejected defendants' application because of its attempt to misuse plaintiffs' mark, and specifically found that using the name "Zafem" would infringe on plaintiffs' trademark rights.

Nevertheless, defendants continued to use the name "Zafem" to promote their musical and entertainment products. They established a website at "Zafemmusic.com" and released a musical album under the name "Zafem." Defendants have ignored plaintiffs' cease and desist letters.

Plaintiffs' complaint contains three claims: (1) counterfeiting and infringement under 15 U.S.C. § 1114; (2) false designation of origin under 11 U.S.C. § 1125(a); and (3) common law unfair competition.

**DISCUSSION**

First, plaintiffs have pled plausible claims for trademark infringement under federal law and state common law. To establish a defendant's liability for trademark infringement under the Lanham Act § 32 (15 U.S.C. § 1114(1)), a plaintiff must show that (1) the plaintiff registered its mark, (2) the defendant, without the plaintiff's consent, (3) "used in commerce" (4) a reproduction of the plaintiff's mark "as part of the" sale, distribution, or advertisement of a good, (5) where such use was likely to cause confusion. See Gruner + Jahr USA Pub'g v. Meredith Corp., 991 F.2d 1072, 1075 (2d Cir. 1993). To prevail under the Lanham Act § 43(a) (15 U.S.C. § 1125(a)(1)), a plaintiff must show (1) that it owns a "protectable trademark" and (2) that the defendant's mark "is likely to confuse consumers as to the source or sponsorship of [the plaintiff's] product." See Nabisco, Inc. v. Warner-Lambert Co., 220 F.3d 43, 45 (2d Cir. 2000)

(citations omitted). As is self-evident from the preceding section of this decision, plaintiffs have demonstrated all of these elements.

Plaintiffs seek statutory damages pursuant to section 35 of the Lanham Act (15 U.S.C. § 1117(c)). That statute authorizes damages of up to $200,000 per infringed mark, or $2 million per infringed mark if the infringement is willful. The deemed-admitted allegations in plaintiffs' complaint, coupled with defendants' default and failure to respond to the default judgment motion, is sufficient support for a finding that the infringement is willful. See Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-cv-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (non-appearance and failure to respond to a complaint and motion for default judgment indicated willful conduct). In addition, the fact that defendants unsuccessfully tried to register its trademark with the USPTO, ignored cease and desist letters, and continued to use the mark thereafter is overwhelming evidence of willfulness.

As to the amount of statutory damages, however, plaintiffs have given this Court no basis to impose the statutory maximum of $2 million. Although the Court recognizes that defendants' default prevents plaintiffs from obtaining discovery that could show defendants' revenue or profits, there are numerous other ways that a plaintiff whose mark has been infringed can estimate the losses caused by the infringement. Plaintiffs' own profits or revenues could be one indicator. More investigative work could have been undertaken to ascertain how many events defendants have sponsored using the infringed mark, and what revenue those events can be estimated to have generated. The size of the industry and other participants in it could also have served as a reference. Plaintiffs' statutory maximum request would mean that any willful infringer in default is liable for that amount, and there is no reason for this Court to make that

assumption. However, again recognizing that it is defendant's fault that plaintiffs cannot prove actual losses, the Court will award statutory damages of $1 million.

In addition, the proposed form of Default Judgment that plaintiffs have submitted combines the award of damages with execution of the judgment, specifically naming third parties who may be holding funds for defendant and instructing them to remit the funds to plaintiffs. That is not how a judgment works. The judgment will set forth the amount owed and then plaintiffs are free to utilize the enforcement devices under Federal Rule of Civil Procedure 69(a) to collect the monetary portion of the judgment.

Plaintiffs also seek injunctive relief. Under the Lanham Act § 43(c) (15 U.S.C. § 1125(c)), injunctive relief is available for a "famous" mark where the infringer's conduct causes "dilution by blurring." "Famous" means "widely recognized by the general consuming public," 15 U.S.C. § 1125(c)(2), which is met by the Court's having deemed the assumptions in the complaint relating to liability to be true. "Dilution by blurring" is based on multiple considerations set forth in the statute, most of which are also met here (i.e., degree of similarity between the two marks; distinctiveness of the plaintiff's mark; the extent of exclusive use of the mark; degree of recognition of the mark; actual association between the infringing mark and the plaintiff's mark). Id.

Once a trademark owner meets these threshold requirements, courts generally apply by analogy the four-factor test articulated by the Supreme Court for patent actions in eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 390 (2006). See e.g., Salinger v. Colting, 607 F.3d 68, 78 n.7 (2d Cir. 2010); U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc., 800 F. Supp. 2d 515, 540 (S.D.N.Y. 2011), aff'd, 511 F. App'x 81 (2d Cir. 2013). Under this test, permanent injunctive relief should issue where the plaintiff has succeeded on the merits and: (1) the plaintiff is "likely

4

to suffer irreparable injury in the absence of an injunction"; (2) remedies at law, such as monetary damages, are inadequate to compensate the plaintiff for that injury; (3) the "balance of hardships" tips in the plaintiff's favor; and (4) the "public interest would not be disserved" by the issuance of a permanent injunction. See Salinger, 607 F.3d at 80 (quoting eBay, 547 U.S. at 391). "The Court may issue a permanent injunction in the context of a default judgment where these requirements are met." CrossFit, Inc. v. 2XR Fit Sys., LLC, No. 13-cv-1108, 2014 WL 972158, at *9 (D.N.J. Mar. 11, 2014); see also Hilton v. Int'l Perfume Palace, Inc., No. 12-cv-5074, 2013 WL 5676582, at *12 (E.D.N.Y. Oct. 17, 2013). Plaintiffs' entitlement to injunctive relief under these requirements on the facts presented here is readily apparent.

Plaintiffs' motion for a default judgment is therefore granted to the extent set forth above. A Default Judgment and Injunction shall be separately entered pursuant to Federal Rule of Civil Procedure 58(a).

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
September 17, 2025