# Exhibit B

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

**WISS JOSEPH**; and **MARIE JOSEPH**,

                Plaintiffs,

~ versus ~

**DENER CEIDE**;
**DENER CEIDE PRODUCTIONS, INC.**;
"**ZAFEM**";
**ZAFEMUSIC.COM**; and
**ZAFEMEPK.COM**,

                Defendants.

Case No. **1:24-cv-6572**

**[PROPOSED]**

**DEFAULT JUDGMENT**

---

This action having been commenced on September 18, 2024, by the filing of the Complaint against the Defendants **DENER CEIDE** and **DENER CEIDE PRODUCTIONS, INC.**; and the Defendants after having been duly served have failed to timely Answer or otherwise Move with respect to the Complaint, it is hereby:

**ORDERED, ADJUDGED AND DECREED:**

That Plaintiffs **WISS JOSEPH** and **MARIE JOSEPH** have Judgment against the Defendants **DENER CEIDE** and **DENER CEIDE PRODUCTIONS, INC.** as follows:

**THIS COURT FINDS** that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in New York including by marketing events in New York with the infringing Mark, as well as operating e-commerce stores and websites that target New York consumers, and have offered services using the infringing Marks to New York residents.

- 1 -

**THIS COURT FURTHER FINDS** that Defaulting Defendants are liable for willful federal trademark infringement, 15 U.S.C. § 1114.

**ACCORDINGLY, THIS COURT HEREBY ORDERS** that Plaintiffs' Motion for Default Judgment is **GRANTED** in its entirety, that Defaulting Defendants are in default, and that this Default Judgment is entered against Defaulting Defendants.

**THIS COURT FURTHER ORDERS THAT:**

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. Using "Zafem World Entertainment", "Zafem", or  or any reproductions, counterfeit copies, or colorable imitations thereof ("The Plaintiffs' Mark") in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not authorized by the Plaintiffs to be sold in connection with:

   Entertainment services, namely, providing record production; music production; audio recording and production; Production of cds and videotapes featuring music; motion picture song production; production of video discs for others; recording studios; Entertainment services, namely, production of sound and music video recordings; Distribution of television programs for others; Distribution of radio programs for others; music composition and transcription for others; song writing services; music publishing services; entertainment in the nature of live musical performances by a musical artist, musical band or musical group; entertainment in the nature of live performances by a musical artist, musical group or musical band; entertainment in the nature of visual and audio performances by a musical artist, musical group and musical band; entertainment, namely, live music concerts; live performances featuring

        prerecorded vocal and instrumental performances viewed on a big screen; planning arrangement of showing movies, shows, plays or musical performances; entertainment, namely, personal appearances by a musician, musical group or musical band; entertainment, namely, personal appearances by a television star, movie star, comedian or radio personality; entertainment services, namely, live, televised and movie appearances by a professional entertainer; entertainment services, namely, providing a web site featuring non-downloadable musical performances, nondownloadable musical videos, non-downloadable related film clips, and photographs; entertainment services, namely, providing non-downloadable prerecorded music, information in the field of music, commentary and articles about music, all online via a global computer network; Production of radio and television programs; television show production; cable television show production; radio entertainment production; motion picture film production; provision of non-downloadable films and television programs via a video-on-demand service; film editing; special effects animation services for film and video.

b.   Committing any acts calculated to cause consumers to believe that Defaulting Defendants products or services are those sold under the authorization, control, or supervision of Plaintiffs or their Mark, or are sponsored by, approved by, or otherwise connected with the Plaintiffs or their Mark;

c.   Further infringing the Plaintiffs' trademark and damaging Plaintiffs' goodwill; or

d.   Manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, selling, marketing, or promoting, in any manner, products or services not authorized by the Plaintiffs and which bear the Plaintiffs' Mark or any reproductions, counterfeit copies or colorable imitations thereof.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' social media or websites, including, without limitation, any online marketplace platforms and payment processors which may include but are not limited to Godaddy.com, Wix.com, PayPal, Inc., eBay, Inc., Amazon.com, Amazon Pay, Meta (Facebook and Instagram), Bytedance (Tiktok), Alphabet (Youtube), and any bank (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. Using, linking to, transferring, selling, exercising control over, or otherwise owning any social media presence or website that contain the Plaintiffs' Mark by which the Defendant Defendants continue to market goods or services;

    b. Operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiffs' Mark or any reproductions, counterfeit copies or colorable imitations thereof that is not authorized by Plaintiffs to be used in connection with the Mark;

    c. At Plaintiffs' request, those Third Parties with notice of this Order, including the Third Party Providers, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the promotion of goods ands services using the Plaintiffs' Mark and shall transfer control of those websites and social media handles to the Plaintiffs.

3. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiffs are awarded statutory damages from the Defaulting Defendants jointly and severally in the amount of $1,000,000 for willful use of the Plaintiffs' Marks.

4. Plaintiffs may serve this Order on the Third Party Providers by e-mail delivery to the e-mail addresses used by those providers for the service of Temporary Restraining Orders and Injunctions on those Third Party Providers, or by fedex delivery to the legal department of those Third Party Providers, or by service on their registered agent.

5. ~~Any Third Party Providers holding funds for Defaulting Defendants, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants from transferring or disposing of any funds, up to the above-identified statutory damages award, or other of Defaulting Defendants' assets.~~

6. ~~All monies up to the above-identified statutory damages award in Defaulting Defendants' financial accounts, including monies held by Third Party Providers are hereby released to Plaintiffs as partial payment of the above-identified damages, and the Third Party Providers, are ordered to release to Plaintiffs the amounts from Defaulting Defendants' financial accounts within seven (7) calendar days of receipt of this Order.~~

7. Until Plaintiffs have recovered full payment of monies owed to it by any Defaulting Defendants, Plaintiffs shall have the ongoing authority to serve this Order on Third Party Providers in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified.

Dated: at Brooklyn, New York

This 17th day of September, 2025

*Brian M. Cogan*
_____
USDJ