UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**WISS JOSEPH**; and **MARIE JOSEPH**,

                      Plaintiffs,

~ *versus* ~

**DENER CEIDE**;
**DENER CEIDE PRODUCTIONS, INC.**;
**"ZAFEM"**;
**ZAFEMUSIC.COM**; and
**ZAFEMEPK.COM**,

                      Defendants.

Case No.  **1:24-cv-6572**

---

# PLAINTIFFS' AFFIDAVIT *in Opposition to* DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT AND MOTION FOR STAY

---

Submitted by Plaintiffs

## Table of Contents

*Given the length of this Affidavit,
we respectfully provide this Table of Contents as a roadmap through the Affidavit:*

| | | |
|---|---|---|
| I. | Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 | |
| II. | Defendants' Actual Knowledge of this Litigation and Failure to Quickly Remedy their Default . . . . . . . . . . . . . . . . . . 4 | |
| | i. | Defendants' self-reported mailing addresses in 2023 and 2024 . . . . . . . . . . . . . 4 |
| | ii. | Pre-Litigation Outreach and Defendants' Willful Defiance . . . . . . . . . . . . . . . . . . . 6 |
| | iii. | Defendants' Actual Knowledge of the Lawsuit as of September 20, 2024 . . . . . . . . . . . . . . . . . . . . . . 6 |
| | iv. | Service of Filings as the Case Progressed . . . . . . . . . . . . . . . . . . . . . . . . . 7 |
| | v. | Defendants had Actual Knowledge of this Lawsuit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8 |
| | vi. | Defendants did not Act Immediately to Remedy their Default . . . . . . . . . . . . . . . . . . . . . . . 9 |
| III. | Defendants' Contumacious Defiance of the Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 | |
| | a. | Defendants have refused to Comply with the Judgment . . . . . . . . . . . . . . . . . . . . 11 |
| | b. | Defendants have Actively Violated the Judgment . . . . . . . . . . . . . . . . . . . . . . . . 12 |
| IV. | Other Pieces of Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 | |
| V. | Legal Fees and Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 | |
| VI. | Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15 | |
| VII. | Table of Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16 | |

## I.    Introduction

1. The Undersigned Counsel to the Plaintiffs WISS JOSEPH and MARIE JOSEPH respectfully submits this Affidavit in opposition to the Motion for Stay and the Motion to Set Aside the Default Judgment.

2. The narrow purpose of this Affidavit is to respond to the issue of whether the Motion to Set Aside the Default Judgment should be granted.

3. It will do so by documenting the Defendants' **actual** knowledge of this ongoing litigation going back more than two years; and by demonstrating that the Defendants have and continue to act in bad faith and in defiance of this Court's Orders.

4. Section II will show that Dener Ceide's claim that "I did not intentionally ignore the lawsuit or attempt to delay the proceedings", Aff in Support at ¶ 35-2 is belied by the documentary evidence of the Defendants' knowledge and strategic decision to default.

5. Section III will demonstrate that the Defendants' continued bad faith and contumacious refusal to comply with the Default Judgment shows that the Defendants' motions are intended only to delay and prolong proceedings, as the record shows that the Defendants will refuse to comply with the Court's judgment regardless of the outcome.

6. For these reasons and as argued in the accompanying Memorandam of Law in Support, the Plaintiffs respectfully ask that the Court deny the Motion to Set Aside the Judgement and to Stay.

## I. Defendants' Actual Knowledge of this Litigation and Failure to Quickly Remedy their Default

*i. Defendants' Self-Reported Mailing Addresses in 2023 and 2024*

7. The purported factual basis for the Defendants' Motion to Set Aside the Default Judgmnet is disproven by the documentary record as explained below:

8. On October 2, 2023, the Plaintiffs' former Counsel mailed the Defendant at the registered agent address of the Defendant Dener Ceide Productions, Inc., who identified their address at:

> Dener Ceide
> 1204 Harry and Judy Dr.
> Morris Plains, NJ 07950

9. Annexed as **Exhibit A** is a Short Form Standing certificate of the Defendant Dener Ceide Productions, Inc., issued on Oct. 31, 2025. It confirms the registered agent and office of Dener Ceide Productions, Inc. at Morris Plains.

10. Annexed as **Exhibit B** is a copy of the original Certificate of Incorporation filed for Dener Ceide Production, Inc., by Dener Ceide. It also identifies the 1204 Harry and Judy Dr. address in Morris Plains as the registered agent address of the Corporation.

11. Annexed as **Exhibit C** is a copy of the original Certificate of Reinstatement filed by the Defendant on September 27, 2023, in which the Defendant again confirms the residential address of Dener Ceide at the Morris Plains address.

12. The bottom line is that as of **September 27, 2023**, the Defendant confirmed on formal legal filings that their address was 1204 Harry and Judy Drive.

### ii. *Pre-Litigation Outreach and Defendants' Willful Defiance*

13. Annexed as **Exhibit D** is a copy of the Letter sent by Certified Mail, Return Receipt Requested on **October 2, 2023**, to the Defendant's self-declared address, which notified the Defendants of their violation of the Plaintiffs' intellectual property rights.

14. Annexed as **Exhibit E** is an e-mail chain between the Plaintiffs and their former counsel explaining why the version of the Demand Letter shown at Exhibit D and held by the Defendants has the word "Copy" on it and is unsigned. The e-mail confirms that the original version was signed and was sent out as indicated.

15. Annexed as **Exhibit F** is an e-mail chain between the Plaintiffs and their former counsel, in which their counsel confirms that no response was received to the demand letter.

16. As discussed in the accompanying Memorandum of Law, the election to maintain an address on formal documentation and an intentional lack of responsiveness and candor to pre-litigation outreach are factors that tip toward a finding of willful default. *See, e.g.*, *Bricklayers Ins. & Welfare Fund v. Sukhmany Constr.*, Case No. 13-cv-6803 (Dec. 22, 2014 E.D.N.Y.)(Glasser, *J.*)(unpublished, copy at **Exhibit G**).

### *iii.  Defendants' Actual Knowledge of the Lawsuit as of September 20, 2024*

17. When the litigation began, the Plaintiffs served a complete copy of the docket with the Order to Show Cause, as required by this Honorable Court's September 19, 2024, scheduling Order.

18. A copy of the e-mail sent to the Defendant on September 20, 2024 is annexed as **Exhibit H**.

19. The e-mail used to send that notice is the same e-mail (namely: [denerceideproductions@gmail.com](mailto:denerceideproductions@gmail.com)) that the Defendant *themselves* identified in their Affidavit, at Exhibit C, as having provided proper Notice of the Entry of the Judgment, *See* Ceide Affidavit, ECF 35-2, at ¶ 39 and ECF 35-5, which shows that same address.

20. In addition, service of the OSC was made by e-mail to the address listed on the Defendants' websites as the contact e-mail, as shown at **Exhibit I**.

21. Service was contemporaneously docketed as shown in the Affidavit of Service available at ECF 9, which includes the two e-mails sent on September 20, 2024.

22. My recollection is that I also left a detailed voicemail message to the phone number listed on the Defendants' website for business enquiries. Looking up "recent calls" on my Android smartphone, from which I called the Defendant, it appears to not have calling records before July 2025 in its memory. However, with my memory of the specific date having been refreshed by seeing the date that the e-mails went out, I can confirm my clear recollection that I left a voicemail message for the Defendant on or about September 20, 2024, at the number listed on their website for business inquiries.

### iv. Service of Filings as the Case Progressed

23. Defendants made it extremely difficult to serve them, as shown in the Affidavits of Nonservice annexed as Exhibits to the Affidavit in Response to the Order to Show Cause, ECF 11-1 and 11-2.

24. The Honorable Court extended the time to serve, and several efforts were unsuccessfully made to serve the Defendants.

25. Ultimately, on March 26, 2025, the Plaintiffs were able to serve the corporate Defendant through the Secretary of State (which requires that the serving party substantiate that they made unsuccessful good faith efforts to serve the Defendant directly or through their Registered Agent), *See* Exhibit J. A copy of this Affidavit was previously docketed at ECF 16.

26. Finally, after many efforts, the process server was able to identify and personally serve the Defendant Dener Ceide on March 25, 2025, as shown in the Affidavit of Service, a copy of which is annexed as **Exhibit K**.

27. A copy of this Affidavit was previously docketed at ECF 16.

28. As this case has progressed, the Defendants were served with motion filings, including the Requests for Certificates of Default (See ECF 19-3 and ECF 20-3), the Motion for Default Judgment (ECF 27), and the Default Judgment (ECF 19).

### v.  *Defendants Had Actual Knowledge of this Lawsuit*

29. Simply put, the claim that "This [e-mail received on September 19, 2025] was the first time I became aware that this lawsuit has been filed against me and my company." Ceide Affidavit, ECF 35-2, ¶ 40, is belied by the documentary record that the Defendant was physically and personally served, that the Defendants received copies of the papers going back more than a full calendar year, and that the Defendants were sent physical copies by mail of all relevant filings to the corporate Defendant's registered agent address and to the residential address where Mr. Ceide was physically served.

30. The Defendants' claim that they had not received the filings is itself hedged by their acknowledgement that "If I was served, I evidently did not read, or, if I did read, I did not understand the documents delivered to me." Ceide Affidait, ECF 35-2, ¶ 41.

31. Whatever that allegation in Paragraph 30 intends, it appears to be an admission that they may have been served (in fact, they were, as documented through the complete record shown above) but "evidently did not read" it, which is not a good faith basis to Default on a lawsuit.

32. Respectfully, the Undersigned has not identified (and neither do the Defendants in their moving papers) any case where a served party's election to "evidently not read" a Summons and Complaint that is served on them served as a valid basis to vacate a Default.

33. And the claim that because of their immigration status, the Defendants were unable to understand the legalese is belied by the Defendants' ability to immediately respond once served with the Default Judgment.

34. Respectfully, it requires a complete suspension of disbelief to give credence to the Defendants' claim that they had the ability to respond to the entry of the Default Judgment immediately, but were unable to understand the legal papers sent to them through the same e-mail in September 2024 and which was personally served on them in March 2025.

35. The Defendants' self-serving claims of travel and being deluged by scams cannot be taken seriously, in light of their ability to respond to the Judgment, once it issued. At the least, it should be tested through personal testimony and documentary evidence of these "scams" and alleged travel.

### vi. *Defendants Did not Act Immediately to Remedy their Default*

36. The Defendants did not act "immediately", Ceide Affidavit, ECF 35-2, ¶ 48,, upon their supposed first knowledge of the lawsuit on September 19, 2025.

37. Counsel for the Defendants initially reached out to the undersigned on September 27, 2025, notifying us that Defendants had retained Counsel, *See* Exhibit L.

38. Counsel's notice was accompanied by no request for an extension of time to respond (or the equivalent post-Judgment request). Defendants filed no Notice of Appeal. Defendants made no Motion for Reconsideration, or otherwise sought judicial intervention.

39. No action at all was taken by the Defendants through September and until the of October.

40. A month after I received the Notice that Defendants had retained Counsel and as post-judgment enforcement proceeded, the Defendants continued to contumaciously defy the Judgment.

41. Consequently, on October 24, 2025, we reached out to Counsel by e-mail to ask if they would accept service of a Motion to Compel / Motion for Contempt, *See* Exhibit M.

42. That seemed to have lit a fire, and as we finalized the paperwork on the Motion to Compel and Motion for Sanctions (being filed separately), the Defendants finally appeared on October 30, 2025.

43. By analogy, if the Defendant had actually been served with the original Summons and Complaint on September 19, 2025, they would be in default for having waited nearly six (6) weeks to appear.

44. Under the more rigorous standards that should apply to a Motion to Set Aside a Judgment, compounding a six-month delay in responding to a Summons with another six weeks of delay betrays anything other than a zealous effort to remedy a Default.

45. For these reasons, and as more fully explained by the accompanying Memorandum of Law, we respectfully submit that the factual basis for the claim that the Defendants had no knowledge of this lawsuit and that they quickly acted to remedy their Default is belied by the record.

## II.     Defendants' Contumacious Defiance of the Judgment

### *i.     Defendants Have Refused to Comply with the Judgment*

46. By their own self-serving narrative, the Defendants had actual knowledge of the Judgment as of September 19, 2025, Ceide Affidavit, ECF-35-2 at ¶ 39, and Exhibit C at 35-5.

47. According to the record, the Defendants retained Counsel by at least September 27, 2025, who could advise them on their obligations under the Judgment and the permanent injunction it contained.

48. The Judgment (whatever the merits of the pending Motion to set it aside and the Motion to Stay) was and remains in force.

49. It provides that the Defendants and their agents are enjoined and restrained from:

> "Using "Zafem World Entertainment", "Zafem" or [Logo] or any reproductions, counterfeit copies, or colorable imitations thereof ("The Plaintiffs' Mark") in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not authorized by the Plaintiffs to be sold in connection with:
>
> "Entertainment services . . . ."
>
> Judgment at ¶ 1(a)(ECF 29).

50. Defendants absolutely refused to comply.

51. It was the *Plaintiffs* that had to reach out to GoDaddy and Wix to have the websites taken down.

52. It was the *Plaintiffs* who sent takedown notices to Meta (still pending) and Alphabet for a takedown of the infringing pages. And in fact those pages operated by Meta (Facebook and Instagram) still remain active.

### ii.   *Defendants Have Actively Violated the Judgment*

53. It has not merely been the Defendants' oversight, failure to act, or confusion about how to take down an infringing page.

54. Last week, in contumacious defiance of the Court's Judgment, the Defendants actively engaged in further infringing activity.

55. Annexed as Exhibit N is a copy of the trademark Application filed on October 27, 2025, with the USPTO by Defendants for ZAFÈN. The application provides its "Owner website URL" as zafemmizik.com.

56. The application was submitted by "Dener Ceide Productions" that identifies itself as a New Jersey Corporation, and was signed by "dener ceide".

57. Annexed as Exhibit O is a copy of the trademark Application filed on October 27, 2025, with the USPTO by Defendants for ZAFÈM DE DENER CEIDE PRODUCTIONS. The application provides its "Owner website URL" as zafemmizik.com.

58. The application was submitted by "Dener Ceide Productions" that identifies itself as a New Jersey Corporation, and was signed by "dener ceide".

59. Annexed as Exhibit P is a copy of the trademark Application filed on October 27, 2025, with the USPTO by Defendants for XAFÈM. The application provides its "Owner website URL" as zafemmizik.com.

60. The application was submitted by "Dener Ceide Productions" that identifies itself as a New Jersey Corporation, and was signed by "DENER CEIDE".

61. And the use of the derivative of ZAFEM by the Defendants in their three filings this week was neither an accident, nor can they claim that it is not "confusingly similar" to the Mark at issue in this case. This is evidenced for example, by the posting on a popular Haitian music scene social media site about the new filings that "the name Zafèm keeps making moves", See Exhibit Q which is a screencapture as of October 31, 2025, of https://www.instagram.com/p/DQckZJYD4Qb.

62. Clearly, to the target market, "ZAFÈM", with or without an accent, with an "N" in place of the "M", or a replacement of the "Z" with "X" is intentionally confusingly similar to the Mark.

63. Further, on or about October 29, 2025, a Certificate of Formation was filed with the New York Secretary of State for "ZAFEM LLC". A copy of the Department of State listing is annexed as Exhibit Q.

64. While the Plaintiffs do not have direct evidence of the filer, it would appear from the misuse of the Zafem Mark in the corporate name, and the date of the filing that Zafem LLC was also filed by the Defendants, in defiance of the Court's Judgment.

65. In summary, the Defendants are not good faith actors who only recently became aware of the Judgment, who have complied fully, and who now seek to participate in these legal proceedings by moving to set aside the Judgment Stay enforcement.

66. Rather, the record shows that the Defendants have openly defied and actively violated the injunction, completely disregard for this Honorable Court's Judgment, and who are asking the Court to Stay enforcement and to set aside the Judgment, while refusing to comply with the judgment anyway.

### IV.     Other Pieces of Evidence

67. Additional pieces of evidence discussed in the Memorandum of Law include the Plaintiffs' response to the Office Action (which confirms that "ZAFEM" is the key element of the Mark, a copy of which is available at Exhibit R.

68. An unpublished decision referenced in the Memo is attached as Exhibit S.

69. Exhibit T shows the Registration Certificate of the Plaintiffs under the name ZAFEM BAND with the Kings County Clerk in 2011. Exhibit U shows that listing on the County Clerk's website.

70. Exhibit V is a printout from Youtube showing the use of "ZAFEM BAND" as far back as 2011.

71. Exhibit W is an unpublished decision referenced in the Memorandum of Law.

### V. Legal Fees and Expenses Incurred in Responding to the Motion

72. On October 31, 2025, Plaintiffs paid the New Jersey Division of Revenue & Enterprise Services $27.30 (confirmation no. 253043888391) for the corporate paperwork annexed as Exhibits B and C to this Affidavit.

73. Counsel spent five (5) hours reviewing the case file, Plaintiffs' Motion, communications with their client, and research to prepare this Affidavit on Oct. 31 and Nov. 2. The preparation of the Memorandum of Law in Opposition to the Motion to Set Aside the Default Judgment took an additional 3 hours on November 2, 2025.

74. In total the expenses incurred by the Plaintiffs in responding to this Motion were $27.30 and eight (8) hours in legal work.

### VI. Conclusion

75. As shown above, the Defendants' Motion to set aside the Judgment and to Stay enforcement is groundless.

76. The Defendants have been aware of this dispute since the middle of the Biden Administration. The Defendnats have been on actual notice of the case for more than a year. And the Defendants have elected to not respond to the Complaint for more than a half-year after being served.

77. Even after the Defendants claim that they "just" learned of this lawsuit, they dawdled for a month-and-a-half before appearing in Court and seeking judicial intervention.

78. Meanwhile, despite admitting that they knew about the injunction and retaining Counsel, the Defendants have refused to comply with the Judgment and have defiantly submitted USPTO and Secretary of State filings that violate the injunction.

79. We respectfully submit that the Defendants' Motions are a farce, because the Defendants have shown they have no intention of complying with this Court's orders, regardless of what the Court may ultimately rule.

80. Further, your affiant sayeth not.

I respectfully declare under penalty of perjury the foregoing to be true and accurate to the best of the Undersigned's knowledge. All Exhibits are complete, true, and accurate copies of their originals unless otherwise noted.

**Dated: November 2, 2025**

RESPECTFULLY SUBMITTED,

By: *[signature]*

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
bg@gottesmanlegal.com

## VI.   TABLE OF EXHIBITS

| Exh. | Description / Item | Role / Purpose in Affidavit |
|---|---|---|
| A | Short Form Standing Certificate for Dener Ceide Productions, Inc. | Shows registered agent address of Dener Ceide Productions and personal address of Dener Ceide. |
| B | Certificate of Incorporation for Dener Ceide Productions, Inc. | Shows registered agent address of Dener Ceide Productions and personal address of Dener Ceide. |
| C | Certificate of Reinstatement for Dener Ceide Productions, Inc. | Confirms Defendant's self-reported personal and residential address as of September 2023. |
| D | Certified Mail Demand Letter sent to Defendant | Demonstrates pre-litigation notice and Defendant's awareness of infringement claims. |
| E | E-mail chain between Plaintiffs and former counsel | Explains that Exhibit D was signed and mailed; addresses authenticity of "Copy" notation on Exhibit D. |
| F | E-mail chain confirming no response to Demand Letter | Evidence of Defendants' knowledge of potential suit and willful non-response to pre-litigation outreach. |
| G | Bricklayers Ins. & Welfare Fund v. Sukhmany Constr., *E.D.N.Y.* | Cited precedent supporting finding of willful default when a defendant ignores pre-litigation outreach. |
| H | E-mail transmitting Order to Show Cause and docket to Defendant | Proof that Defendant received litigation notice at their admitted gmail address. |
| I | E-mail transmitting Order to Show Cause and docket to Defendant | E-mail sent to publicly listed business e-mail address of the Defendants. |
| J | Affidavit of Service via Secretary of State | Establishes proper service on corporate Defendant after multiple failed good-faith attempts to serve registered agent. |
| K | Affidavit of Personal Service on Dener Ceide | Demonstrates service on Defendant. |
| L | E-mail from Defendants' Counsel to Plaintiffs' Counsel | Confirms Defendants retained counsel in September 2025. |

| | | |
|---|---|---|
| M | E-mail to Defendants' Counsel re: Motion to Compel / Contempt | Shows Plaintiffs' effort to enforce compliance and trigger Defendants' late appearance. |
| N | USPTO Trademark Application for "ZAFÈN" | Evidence of active violation of Judgment through new infringing filing. |
| O | USPTO Trademark Application for "ZAFÈM DE DENER CEIDE PRODUCTIONS" | Further proof of willful infringement after injunction. |
| P | USPTO Trademark Application for "XAFÈM" | Additional infringing filing, showing ongoing bad faith. |
| Q | Instagram post referencing new ZAFEM filings | Demonstrates public perception of confusing similarity between infringing marks and Defendants' brand. |
| R | Response to Office Action | Demonstrates that ZAFEM was the Key element of the Mark |
| R | NYS Department of State Certificate of Formation for "ZAFEM LLC" | Evidence that Defendants (or their agents) created new entity using enjoined mark post-Judgment. |
| S | Decision in Prokos v. Grossman | Unpublished Decision discussed in the Memorandum of Law |
| T | Business Registration Certificate with Kings County Clerk | Shows use of the ZAFEM Mark by Plaintiffs as far back as 2011 |
| U | Listing with the Kings County Clerk of ZAFEM BAND | Shows use of the ZAFEM Mark by Plaintiffs as far back as 2011 |
| V | Youtube listings under "ZAFEM BAND" under a strict search and organized by date uploaded | Shows use of the ZAFEM Mark by Plaintiffs as far back as 2012 |
| W | J.T. Kalmar v. KLS Lighting Co. Ltd. | Unpublished Decision discussed in the Memorandum of Law |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2025, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to all Counsel of Record who have consented in writing to accept this notice of service of this document by electronic means.