Kelly Paul Peters
Scoolidge Peters Russotti & Fox LLP
2 Park Avenue, 20th Floor
New York, NY 10016
Tel: 212-729-7708
kelly@sprfllp.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WISS JOSEPH**; and **MARIE JOSEPH**,<br><br>Plaintiffs,<br><br>~ *versus* ~<br><br>**DENER CEIDE**;<br>**DENER CEIDE PRODUCTIONS, INC.**;<br>"**ZAFEM**";<br>**ZAFEMUSIC.COM**; and<br>**ZAFEMEPK.COM**,<br><br>Defendants. | Case No. <u>1:24-cv-6572</u><br><br>**AFFIDAVIT OF<br>DENER CEIDE** |

I, DENER CEIDE, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am one of the Defendants in the above-captioned matter and a founder of the Haitian musical group known as "Zafem."

2. I am the sole owner of Dener Ceide Productions, Inc., which is also a defendant in this action.

3. I am over the age of 18 and have personal knowledge of the matters set forth herein. This affidavit is based on my personal knowledge, the exhibits annexed hereto, and the links referenced herein.

1

4. I am respectfully submitting this affidavit in opposition to Plaintiffs' Motion for Contempt and Sanctions for Defendants' alleged violations of the Court's default judgment (the "Default Judgment") that was entered against the Defendants on September 18, 2025 (ECF 29). I am also respectfully submitting this affidavit to apprise the Court of the efforts we have made to comply with the Default Judgment and to explain the factual complexities and practical challenges that have arisen in doing so.

5. As I stated in my prior affidavit dated October 27, 2025 (ECF 35-2), which was previously submitted in support of Defendants' motions to set aside the Default Judgment and for a stay of enforcement of the Default Judgment, I first became aware of the Default Judgment upon receiving an email from Plaintiff's counsel on September 19, 2025. Prior to this date, I was unaware of the Plaintiffs, this case, and the Default Judgment.

6. Contrary to the Plaintiffs' representations, I have at all times endeavored to comply with the Court's Default Judgment order to the best of my ability. I have never acted intentionally or in bad faith to violate or disregard the Court's directives.

## *Zafem's* Origin and Background

7. I am a professional musician, guitarist, and arranger who has performed Haitian music for more than twenty-five years.

8. In 2016, I formed the band known as "*Zafem*" after many years of artistic musical work, drawing inspiration from the Haitian-Creole expression "zafem," which commonly means "it's my business," "it's my affair," or "it's my thing."

9. The word "zafem" is widely used in Haitian culture and speech. The term "Zafem" is not particularly distinctive and was not originated by the Plaintiffs.

10. I named my band *Zafem* independently, based on my own creative work, cultural

background, and experience performing with well-known Haitian music group, *Tabou Combo*.

11. *Tabou Combo* has a famous song called "Kite m fè Zafem", which translates from Haitian Creole to "Let me do my thing." Performing this song with *Tabou Combo* for years served as my primary inspiration for naming my own future band, *Zafem*.

12. The word "zafem" is not particularly unique or distinctive and is used commonly among Haitian Creole speakers. In fact, the Haitian word "zafem" is used in a wide range of businesses and enterprises. For example, based on my search of the business records in the State of Florida, there are at least nine businesses that begin with the word "Zafem." Attached as **Exhibit A** is a true and correct copy of an Entity Name List publicly available from the Florida Division of Corporations.

13. Additionally, *Tabou Combo* is associated with "Zafem Records" and "Zafem Inc." which produced its 1992 album "Tabou Combo – Anthology Vol. IV (1979-1986)." Attached as **Exhibit B** is a true and correct copy of the credits for said *Tabou Combo* Album.

14. Again, "zafem" is a common Haitian Creole word that has been enshrined in the names of multiple enterprises, including those associated with *Tabou Combo*, who has a production and recording company called Zafem Inc. and Zafem Records.

15. Prior to learning of this lawsuit, I had no knowledge of the Plaintiffs or of their organization, "Zafem World Entertainment."

16. Neither the Plaintiffs nor anyone associated with them had any role or influence in the creation, development, or naming of my band *Zafem*.

### Defendants' Good Faith Efforts to Comply with the Default Judgment

17. My band *Zafem* has gained meaningful recognition in the Haitian community, both in the United States and internationally.

18. I am proud to say that the Haitian Department of Education uses a *Zafem* song, "Dyaman Nan Bidonvil," and its lyrics as an anthem and part of its education curriculum to advance Haitian culture and language, and to inspire peace and love within Haitian society. Attached as **Exhibit C** is a true and correct copy of the lyrics, translated from Haitian Creole to English, for the song "Dyaman Nan Bidonvil," which translates to "Diamonds in the Slum."

19. *Zafem* also involves a large number of performers and support crew. Our performances involve numerous individuals—musicians, sound engineers, promoters, venue operators, and others—whose livelihoods depend on the scheduling and completion of those shows.

20. *Zafem* shows are typically booked many months in advance, often under contracts negotiated by promoters and venue operators, and not by me personally. Once a show is booked, a multitude of people take part in preparing for the show. After booking, the shows are advertised, tickets are sold, travel is arranged, and third parties begin preparing for the events. I do not control most of the aspects of the promotion, production, advertisement, or ticketing associated with these events.

21. For shows that had already been scheduled and promoted before the Court entered the Default Judgment, it was impossible for me to cancel or reverse the promotional materials without causing significant harm to numerous stakeholders. Canceling such shows would financially and professionally harm not only the band members but also promoters, venues, staff, and the many fans who had already purchased tickets, and still would not have resulted in the removal of promotional materials, over which I have no control.

22. Furthermore, I understand that *Zafem* has contractual obligations not to interfere with the band's upcoming shows that were booked, promoted, and for which tickets were sold,

prior to entry of the Default Judgment, including by removing online content promoting the shows.

23. Nevertheless, I am in the process of removing references to the name *Zafem* from YouTube and other online platforms over the coming weeks and months.

24. I have also taken steps to ensure that all future bookings moving forward are conducted under my personal name and not under the "*Zafem*" name.

25. To prepare for the contingency that Court does not grant my motions to stay and set aside the Default Judgment, I have also started the rebranding process from *Zafem* to a new name that is compliant with the Court's order. To facilitate this transition, I engaged a company that specializes in trademark branding to explore various alternatives that would comply with the Court's recent order, and which may allow me to maintain the goodwill cultivated by *Zafem's* past success as a Haitian music group.

26. Contrary to the claims of the Plaintiffs' attorney, our effort to register new trademarks with the United States Patent and Trademark Office ("USPTO") was not a deliberate effort to circumvent the Default Judgment order. Rather, they were done on our behalf to determine whether different tradenames could be procured now that the Default Judgment order is preventing us from playing under the name *Zafem*.

27. Indeed, the only reason I have attempted to register new trademarks is to comply with the Default Judgment and to establish a new artistic identity that would not violate the injunction for so long as it remains in place. The marks I have attempted to register are those that I believe do not violate the term of the injunction but that still maintain the good will my band has developed over nearly a decade of writing and performing music.

28. If the injunction remains in effect, and the USPTO does not accept those proposed names, it is my band's desire to continue our efforts to rebrand our band until we have established

a compliant and permissible artistic identity.

29. At no time did I attempt to confuse the public, to profit from Plaintiffs' alleged marks, or to continue using the name "Zafem" in defiance of the Court's Order.

**Plaintiffs Have Not Been Prejudiced or Harmed by My Actions**

30. I have not seen any evidence that the Plaintiffs are suffering injury, financial or otherwise, as a result of my actions to comply with the Default Judgment. Plaintiffs have not shown any active business operations, performances, or recognizable presence in the Haitian music community.

31. Upon information and belief, Plaintiffs have not, at any point in this proceeding, presented evidence showing that they sustained financial harm or any other cognizable prejudice attributable to my band, *Zafem*, including before and after the Court entered the Default Judgment.

32. I also wish to make clear that I deny any infringement whatsoever. I did not adopt the name "*Zafem*" to imitate or benefit from Plaintiffs – who I did not know even existed until I learned about this lawsuit. The name was chosen based on its common cultural meaning, my personal experiences, and the musical identity I have developed over decades.

33. Although the Default Judgment entered against me imposes a $1 million statutory award, neither I nor my production company generate substantial income. While *Zafem* has a large and supportive fan base, I do not personally make significant earnings from this musical project, and I do not have the financial ability to pay such a judgment.

34. My goal has always been to perform music, support my band members, support our families, and contribute to Haitian culture. I have never attempted to harm Plaintiffs or interfere with whatever business interests they may claim to have.

35. I have complied, and will continue to comply, with the Court's directives. To the

extent that I or my production company violated the injunction in the past, any violation was unintentional, resulting from practical limitations of my ability to control third parties.

### The Default Judgment Has Already Substantially Harmed Many People and the Haitian Community

36. As described above, *Zafem* is a musical group with a significant and positive impact on Haitian culture and society. Its success not only supports the band members, crew, and their families but has also fostered a meaningful cultural presence and inspired pride within the Haitian community.

37. For many years, *Zafem* has collaborated with Haiti's National Bureau of Ethnology (the "BNE"), a state institution devoted to preserving Haiti's cultural heritage—including its artifacts, traditions, and living history, and as previously noted we have worked with the Department of Education, which uses one of our songs as its anthem.

38. These collaborations have focused on preserving and memorializing Haitian culture through music, poetry, and educational initiatives. Since 2023, *Zafem's* song "Dyaman Nan Bidonvil" has been adopted as an anthem by both the BNE and the Haitian Department of Education. Its lyrics are now used in programs designed to promote love, empathy, and social understanding among younger generations of Haitians. These lyrics are also part of a record of music that preserves and educates others about the Haitian Creole language. See **Exhibit C**.

39. We respectfully ask the Court to recognize that Haiti has endured a long and difficult history, marked by extreme poverty and ongoing hardship. In such circumstances, it is extraordinarily challenging for any group to emerge as a positive source of inspiration. *Zafem* has worked hard for nearly a decade to be one of those rare sources to uplift Haitian society, promote kindness, and inspire hope.

40. I am deeply saddened that my misunderstanding of the nature of these proceedings

7

may place *Zafem* at risk of destruction, despite our mission being to promote Haitian music and to uplift Haitian people and their communities.

41. Since the entry of the Default Judgment, I have consulted with Jean Erol Josué, the director of the BNE, regarding how to address the use of the name "Zafem" in light of the Court's recent order. Mr. Josué explained to me that the BNE cannot remove *Zafem* from its cultural archives, as the group has already become a recognized part of Haitian artistic history and culture. Director Josué further acknowledged how the word "zafem" is a meaningful word in Haitian vernacular.

42. By letter dated November 13, 2025, Director Erol Josué of the National Bureau of Ethnology issued a public letter in support of *Zafem*, underscoring Zafem's significance in Haitian culture and society. A true and correct copy of said letter is attached as **Exhibit D**. Therein, Director Josué states the following:

To: ZAFEM GROUP
Subject: Statement in Support of the Zafem Group

> *The National Bureau of Ethnology (BNE) wishes to express its support for the Haitian musical group Zafem, whose role in promoting and enhancing contemporary Haitian culture is recognized both within Haiti and throughout the diaspora.*
>
> *We acknowledge the decision of a New York district court ordering the group to cease using the name "Zafem" for commercial purposes and to pay damages. However, it is important to distinguish the legal and commercial matters from the cultural and patrimonial value of this group.*
>
> *Since its founding in 2019 by Dener Ceide and Reginald Cange, Zafem has created a space where the tradition of konpa engages in dialogue with Afro-Caribbean influences and world music. Their artistic approach exemplifies a process of dynamic cultural transmission, in which Haitian musical heritage is renewed while remaining deeply rooted in the national identity.*
>
> *The Creole term "Zafem", chosen as the group's artistic identity, is profoundly symbolic: it evokes strength, perseverance, and collective spirit, values inherent in Haitian culture and popular music. In this sense, both the work and the*

*name of Zafem contribute to the continuity and dissemination of Haitian cultural heritage, beyond commercial concerns.*

*The term "Zafem", as adopted by the group, goes beyond its nominal dimension: it represents strength, perseverance, and collective spirit, core values in Haitian history and culture. This designation, together with the group's artistic trajectory, constitutes a vehicle of cultural continuity and a positive influence on the diaspora and international audiences.*

*The BNE further emphasizes that the protection and promotion of Haitian cultural heritage also involve supporting those who perpetuate it through contemporary creation, and that the name "Zafem" embodies a symbol of this ongoing cultural continuity.*

*Supporting this group is to acknowledge the vitality of our music and affirm that Haitian culture continues to reimagine itself and radiate beyond its borders. Yet support does not imply disregarding legal realities: prudence, lucidity, and openness to dialogue are necessary for Zafem's cultural legacy to continue unfolding in accordance with established rules. Even within this constrained framework, the group's work remains a living act of scholarship and cultural diplomacy, serving the attention and respect of all who value the richness of our national heritage.*

*This statement is issued so that the Zafem Group may present it before any relevant authority or to whom it may concern, as an official testimony of its cultural and patrimonial value.*

*With our distinguished regards.*

*/S/ JEAN EROL JOSUÉ*
Director, National Bureau of Ethnology (BNE)

43. Similarly, by official Attestation by the by the Ministere De L'Education Nationale Et De La Formation Professionnelle of the Republique D'Haiti, (i.e. the Ministry of National Education and Vocational Training of the republic of Haiti, or "MENFP"), made on November 14, 2025, and signed by the Minister of Education, the Hon. Augustin Antoine, the MENFP recognized *Zafem* for its contributions to Haitian culture and education. A true and correct copy of said attestation is attached as **Exhibit E**[1]. Specifically, said Attestation states the following:

---

[1] This Exhibit E includes the original copy in French along with an English version translated via Google Translate.

9

> *The Ministry of National Education and Vocational Training (MENFP) hereby certifies that one of the songs by the musical group Zafem as been included in the Baccalaureate examinations, 2023 session.*
>
> *The inclusion of a song in the official Baccalaureate examinations is subject to strict and rigorous criteria, based on the literary quality, linguistic richness, cultural relevance, and educational value of the work. Tehe selection of a song by Zafem thus reflects institutional recognition of the importance of its contribution to the country's intellectual, linguistic, and cultural heritage.*
>
> *Baded precisely on the literary and aesthetic value of Dener CEIDE's text, "Dyaman nan bidonvil," taken as an example, the MENFP recognizes that the artistic work of the Zafem group is of great interest to the academic training of students. This text is an important contribution to the promotion of Haitian Creole and the enrichment of national culture.*
>
> *This certificate is issued for all legal purposes.*
>
> *Done in Port-au-Prince, November 24, 2025.*
>
>                           */s/Augustin ANTOINE*
>                           *Minister*
>                           *[Seal]*

44.    We sincerely hope the Court appreciates the broader cultural and societal impact that the Default Judgment has—not only on me personally, but on countless individuals within Haitian society who look to *Zafem* as a source of pride, identity, and hope.

45.    From *Zafem's* inception, our only goal has been to honor and promote Haitian culture and to share the joy of Haitian music with the world. We respectfully ask the Court to permit us to continue that work.

46. For all of these reasons, I respectfully request that the Court deny Plaintiffs' motion for contempt and sanctions.

Executed on this 14th day of November 2025

_____
Dener Ceide

Sworn to be true before me
this 14th day of November 2025

_____
Notary Public

JERMAINE GREEN
Notary Public, State of New Jersey
Comm. # 50208979
My Commission Expires 04/12/2028

11