SCOOLIDGE PETERS RUSSOTTI & FOX LLP
Kelly Paul Peters
2 Park Avenue, 20th Floor
New York, New York 10016
Tel: 212-729-7708
kelly@sprfllp.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WISS JOSEPH; and MARIE JOSEPH, <br><br> Plaintiffs, <br><br> v. <br><br> DENER CEIDE; <br> DENER CEIDE PRODUCTIONS, INC.; <br> "ZAFEM"; <br> ZAFEMUSIC.COM; and <br> ZAFEMEPK.COM, <br><br> Defendants. | Case No: 1:24-cv-6572 <br><br> **ANSWER TO COMPLAINT, <br> AFFIRMATIVE DEFENSES <br> AND COUNTERCLAIMS** <br><br> **JURY TRIAL DEMANDED** |

Defendants DENER CEIDE; DENER CEIDE PRODUCTIONS, INC.; "ZAFEM"; ZAFEMUSIC.COM; and ZAFEMEPK.COM (together, "**Defendants**"), by their undersigned counsel, answer the complaint (the "**Complaint**") filed by Plaintiffs WISS JOSEPH and MARIE JOSEPH (together, "**Plaintiffs**") as follows:

### "NATURE OF THE ACTION"

1.  Paragraph 1 contains a statement to which no response is required. Defendants deny any conclusions, assertions, or implications asserted by Plaintiffs with regard to the same.

2. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint.

3. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint.

4. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

### "THE PARTIES"

*i.  Plaintiffs*

7. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

*ii.  Defendants*

11. Defendants admit the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants admit the allegations in Paragraph 13 of the Complaint.

14. Paragraph 14 contains a statement to which no response is required. Defendants deny any conclusions, assertions, or implications asserted by Plaintiffs with regard to the same.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Paragraph 16 contains a statement to which no response is required. Defendants deny any conclusions, assertions, or implications asserted by Plaintiffs with regard to the same.

*iii.* *"Infringing Defendants' Co-Liability and Piercing the Corporate Veil"*

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants only admit that Dener Ceide was the sole owner and operator of Dener Ceide Productions, Inc., and deny the remaining allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

## **"JURISDICTION AND VENUE"**

25. Paragraph 25 contains a statement to which no response is required. Defendants deny any conclusions, assertions, or implications asserted by Plaintiffs with regard to the same.

26. Defendants neither admit nor deny the allegations in Paragraph 25 of the Complaint that purport to state a legal conclusion.

27. Defendants neither admit nor deny the allegations in Paragraph 26 of the Complaint that purport to state a legal conclusion.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants neither admit nor deny the allegations in Paragraph 29 of the Complaint that purport to state a legal conclusion.

### "FACTUAL BACKGROUND"

### i. *"Plaintiffs' Trademark Registration and Use of the Mark"*

30. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

31. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

### ii. *"Defendants' Failed Attempt to Register Infringing Mark and ongoing Exploitation of Plaintiffs' Intellectual Property"*

34. Defendants only admit that they attempted to register the name "Zafem". Defendants otherwise deny the rest of the allegations in Paragraph 34 of the Complaint.

35. Defendants only admit that the email and address used in the registration are correct. Defendants otherwise deny the rest of the allegations in Paragraph 35 of the Complaint.

36. Paragraph 36 contains a statement to which no response is required. Defendants deny any conclusions, assertions, or implications asserted by Plaintiffs with regard to the same.

37. Defendants only admit that the USPTO registration was denied. Defendants otherwise deny the rest of the allegations in Paragraph 37 of the Complaint.

38. Defendants only admit that the USPTO issued a final decision rejecting Defendants' application. Defendants otherwise deny the rest of the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants only admit that the annexed screenshot is true and accurate of Defendants' website. Defendants otherwise deny the rest of the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

### "First Cause of Action
### Lanham Act – Counterfeiting and Infringement"

44. Paragraph 44 contains a statement to which no response is required. Defendants deny any conclusions, assertions, or implications asserted by Plaintiffs with regard to the same.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

### "Second Cause of Action
### Lanham Act – False Designation of Origin"

54. Paragraph 54 contains a statement to which no response is required. Defendants deny any conclusions, assertions, or implications asserted by Plaintiffs with regard to the same.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

**"Third Cause of Action
Common Law Unfair Competition"**

67. Paragraph 67 contains a statement to which no response is required. Defendants deny any conclusions, assertions, or implications asserted by Plaintiffs with regard to the same.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

**AFFIRMATIVE DEFENSES**

**AS AND FOR THE FIRST AFFIRMATIVE DEFENSE
Statute of Limitations**

Plaintiffs' claims are barred in whole or in part by applicable statutes of limitations.

**AS AND FOR THE SECOND AFFIRMATIVE DEFENSE**
**Estoppel and Laches**

Defendants have been using the band name "Zafem" since 2016. Upon information and belief, Plaintiffs first registered the mark "Zafem World Entertainment" since in 2019, and have been aware of Defendants' use of the name "Zafem" and Defendant Ceide's work as a musician writing, producing, and performing Haitian music since at least 2017. Plaintiffs' delay in challenging the alleged infringement is prejudicial to Defendants because, inter alia, Defendants continued to grow their business during the years Plaintiffs delayed. Plaintiffs' claims against Defendants are therefore barred, in whole or in part, by the doctrines of estoppel and laches.

**AS AND FOR THE THIRD AFFIRMATIVE DEFENSE**
**Acquiescence**

Plaintiffs' claims against Defendants are barred, in whole or in part, by the equitable doctrine of acquiescence, based on Plaintiffs' conduct regarding Defendants' use of the name "Zafem". This conduct was prejudicial to Defendants inasmuch as it encouraged Defendants to continue developing their businesses without any indication 1) that Plaintiffs believed Defendants' use of "Zafem" was infringing any of its own trademark rights and/or 2) that Plaintiffs would seek to halt Defendants' use of the name "Zafem".

**AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE**
**Waiver and Ratification**

Plaintiffs' claims against Defendants are barred, in whole or in part, by the equitable doctrines of waiver and ratification, based on Plaintiffs' conduct regarding Defendants' use of the allegedly infringing mark. This conduct was prejudicial to Defendants inasmuch as it indicated that Plaintiffs consented to Defendants' use of the name "Zafem" and had no intention to enforce

any alleged rights in its mark. Defendants relied on this indication in continuing to operate their business of writing, producing, and performing Haitian music under the name of their musical group, *Zafem*.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE
### Fraudulent Procurement of Registration and Unclean Hands

Plaintiffs obtained registration of its claimed mark due to it, upon information and belief, having knowingly made false or misleading representations of material fact in connection with its application for registration of the mark with intent to deceive the USPTO; these representations were relied upon by the USPTO in determining whether to grant Plaintiffs' application for registration, and such registrations harmed Defendants by affecting their ability to maintain a business relating to writing, producing, and performing Haitian music under the name of their musical group, *Zafem*. Plaintiffs' claims are therefore barred by their fraudulent conduct and unclean hands.

## AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE
### Priority/Prior Use – Common Law Rights

Defendants began using the name "Zafem", as the name of their music group, fairly and in good faith, inasmuch as they are engaged in the writing, producing, and performing Haitian music under the musical group name *Zafem*, independently, without knowledge of Plaintiff's claimed mark, and prior Plaintiffs' use of their mark.

The name "Zafem" has been used by Defendants continuously in the United States and worldwide since 2016, which is well before Plaintiffs sought to register their confusingly similar mark and before publication of Plaintiffs' claimed mark in the Official Gazette of the Patent and Trademark Office.

## AS AND FOR THE NINETH AFFIRMATIVE DEFENSE

### Genericness / Lack of Distinctiveness

The word "Zafem" is a common Haitian-Creole word meaning "my business," "my thing," or "my affair," and is widely used in ordinary language and Haitian culture. As such, the term is generic or merely descriptive and lacks the distinctiveness necessary to function as a trademark. Plaintiffs' alleged mark therefore is not protectable under the Lanham Act or state law, and Defendants' use of the same word in its ordinary, cultural, and descriptive sense does not constitute infringement.

Defendants reserve the right to assert further affirmative defenses that become evident during or through the discovery process and related investigations.

### COUNTERCLAIMS

Defendants DENER CEIDE; DENER CEIDE PRODUCTIONS, INC.; "ZAFEM"; ZAFEMUSIC.COM; and ZAFEMEPK.COM, by their undersigned counsel, for their counterclaims against Plaintiffs WISS JOSEPH and MARIE JOSEPH, allege as follows:

### JURISDICTION

1. This court has jurisdiction over Defendants' counterclaims because they arise under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367 because they are so related to Plaintiffs' claims that they form part of the same case or controversy under Article III of the United States Constitution.

### VENUE

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Plaintiffs/Counterclaim Defendants WISS JOSEPH and MARIE JOSEPH (collectively as

"Plaintiffs") reside in the State of New York, and under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3. Defendant Dener Ceide is an individual, residing in the State of New Jersey.

4. Defendant Dener Ceide Productions Inc. is a corporation organized under the laws of the State of New Jersey.

## FACTS

5. Defendant Dener Ceide is a Haitian musician and songwriter who has been performing and touring professionally for more than 25 years.

6. Mr. Ceide is well known in the Haitian community and Haitian music scene, with more than 88,000 followers on Instagram[1]; more than 121,000 followers on Facebook[2]; and more than 228,000 subscribers on YouTube[3].

7. Mr. Ceide's music has been downloaded more than a million times worldwide and currently has more than 43,000 monthly listeners on *Spotify*.

8. In 2016, Defendants founded a music group called *Zafem* that writes, performs, and celebrates Haitian music, art, and culture.

9. *Zafem* performs a Haitian style of music referred to as "Kompa Music".

10. The word "Zafem" is a Haitian-Creole word that, in English, means "my business" or "my thing" or "my deal" or "my affair", among other similar phrases.

11. The term "Zafem" is widely used in Haitian culture.

---

[1] https://www.instagram.com/dener_ceide/
[2] https://www.facebook.com/denerceideofficial
[3] https://www.youtube.com/watch?v=NikyP_eqOsw&list=RDNikyP_eqOsw&start_radio=1

12. Beginning in 2016, Mr. Ceide began writing and producing music under the band name *Zafem*.

13. Mr. Ceide was inspired to name his band, *Zafem*, by his prior experience playing with another famous Haitian music group, *Tabou Combo*, in which he was a member from 2008 to 2013.

14. Tabou Combo has a famous song called "Kite m fè Zafem", which translates from Haitian Creole to "Let me do my thing."

15. Mr. Ceide was largely inspired to name his band *Zafem*, based on his prior experience playing with Tabou Combo.

16. Beginning in 2016, various producers, musicians, and agents who are familiar with Mr. Ceide's Haitian music would have become aware of the band *Zafem*.

17. In 2017, *Zafem* was publicly announced.

18. On October 11, 2019, *Zafem* released its first official video teaser called "*Savalou*"[4] and has since accrued more than 22,000 likes and 2,400 comments on YouTube.

19. *Zafem* has since released two albums that have been downloaded and streamed by millions of listeners and fans around the globe.

20. In 2019, *Zafem* began touring and has since performed more than 150 shows worldwide.

21. In 2020, during the COVID-19 pandemic, *Zafem* performed a live show that was streamed worldwide with more than 35,000 live viewers.

22. In 2023, *Zafem* was the most-streamed musical group in Haiti and remains one of the most internationally recognized Haitian music groups.

---

[4] https://www.youtube.com/watch?v=IrT1L5BcFlE.

23. *Zafem* has also received several awards and recognitions for its influence in Haitian music and culture.

24. The Haitian government is currently using lyrics from a *Zafem* song as part of Haiti's national Creole language teaching curriculum.

25. In July 2023, *Zafem* was featured on the online site *Cokarella*, a website that focuses on Haitian art and culture.[5]

26. In May 2023, *Zafem* was listed on Billboard Magazine's Top 25[6], and was the highest streaming Haitian music group of that year.

27. In 2024, *Zafem* received the award for Kompa band of the year at the 2024 Caribbean Music Awards, held in Brooklyn, NY.[7]

28. Since its founding, *Zafem* has become widely recognized and celebrated in the Haitian community worldwide, performing in the United States, Canada, Europe, and the Caribbean.

29. *Zafem's* music, videos, and performances are well known among Haitian audiences and have been featured across multiple digital platforms.

30. Upon information and belief, Plaintiffs have known about *Zafem*, since before 2019.

31. Plaintiffs claim ownership of the trademark for the word "Zafem World Entertainment" and that such trademark was registered on January 5, 2021, under Trademark Registration No. 6236579.

---

[5] https://www.chokarella.com/2023/07/23/zafem-le-pari-gagnant-de-la-musique-haitienne/
[6] https://www.billboard.com/music/chart-beat/billboard-charts-first-timers-wunderhorse-dr-teeth-and-the-electric-mayhem-1235330858/
[7] https://www.billboard.com/music/awards/2024-caribbean-music-awards-winners-list-1235765301/ ; See also

12

32. On or about November 26, 2019, the date that Plaintiffs first sought to register a trademark for "Zafem World Entertainment," Plaintiffs were familiar with Mr. Ceide's band, *Zafem*.

33. Plaintiffs submitted their trademark application for "Zafem World Entertainment" after *Zafem* released its first single, which immediately became one of the most widely streamed Kompa songs of that year.

34. "Zafem World Entertainment" has a relatively small presence in Brooklyn, NY, with only approximately 497 followers on its Instagram page[8]; which is in stark contrast to *Zafem's* Instagram page, which has more than 110,000 followers[9].

35. Upon information and belief, Plaintiff registered its trademark for "Zafem World Entertainment" in 2021 in bad faith, knowing that Defendants were actively producing music, performing, and touring under the band name, *Zafem*.

36. Upon information and belief, Plaintiffs made false representations to the USPTO in furtherance of their trademark application for "Zafem World Entertainment".

37. Plaintiffs had an obligation to disclose to the USPTO that they were aware that there was a band named *Zafem* at the time that they applied for the trademark for "Zafem World Entertainment."

38. Plaintiffs failed to disclose to the USPTO that they were aware that there was a band named *Zafem* at the time that they applied for the trademark for "Zafem World Entertainment" in violation of U.S.C. § 1051(a)(3)(D), which states the following:

> [T]o the best of his/her knowledge and belief, no other person has the right to use the mark in commerce, either in identical form or in such near resemblance as to

---
[8] https://www.instagram.com/zafemworldent/
[9] https://www.instagram.com/zafemmusic/

13

be likely, when used on or in connection with the goods/services of such other person, to cause confusion, mistake, or deception." 15 USCA § 1051(a)(3)(D).

39. Upon information and belief, Plaintiffs were not using the tradename "Zafem World Entertainment" in 2016 and 2017.

40. Upon information and belief, Plaintiffs have not continuously used the mark "Zafem World Entertainment" over the past 10 years and were not actively using the mark during 2016 and 2017.

41. Upon information and belief, Plaintiffs had abandoned use of the mark "Zafem World Entertainment" by 2016–2017, insofar as Plaintiffs had ceased to use said mark commercially and demonstrated no intent to resume.

42. Mr. Ceide named his band *Zafem*, independently and with no knowledge of the Plaintiffs and/or their organization.

43. Upon information and belief, the Plaintiffs applied for and obtained the trademark for the name "Zafem World Entertainment" with knowledge that *Zafem* was already producing music, performing, and touring worldwide.

## FIRST COUNTERCLAIM
### Cancellation of Plaintiffs' Registration

44. Defendants repeat and reallege the foregoing paragraphs, as if fully set forth herein.

45. Defendants are likely to be damaged by the continued registration of Plaintiffs' U.S. Trademark Registration No. 6236579. Defendants are the prior and continuous users of the name *Zafem* in connection with writing, producing, and performing Haitian music in the United States and throughout the world. Defendants commenced use of the name prior to any date of first use or filing of Plaintiffs' mark claimed by Plaintiffs with respect to U.S. Trademark Registration No. 6236579.

46. Plaintiffs were aware of Defendants' prior and continuous use of the name *Zafem* at the time they filed their application for registration. Plaintiffs nonetheless proceeded to seek registration of the mark, asserting exclusive rights despite knowing of Defendants' prior and senior use.

47. The registration of Plaintiffs' mark is likely to cause confusion, mistake, or deception among consumers as to the source, affiliation, or sponsorship of Defendants' services. Defendants have superior rights in the mark based on their earlier use in commerce.

48. By reason of the foregoing, Plaintiffs' registration is invalid and Trademark Registration No. 6236579 should be canceled pursuant to 15 U.S.C. § 1064(1) and 15 U.S.C. § 1119.

## SECOND COUNTERCLAIM
**Unfair Competition Under Section 43(a) of the Lanham Act (15 U.S.C. 1125(a)(1)(A))**

49. Defendants repeat and reallege the foregoing paragraphs as if fully set forth herein.

50. Defendants have established valid common law rights in the name *Zafem* through prior and continuous use in commerce.

51. Plaintiffs have wrongfully asserted exclusive rights in *Zafem* despite knowing of Defendants' senior and prior use, and have initiated this action in bad faith to interfere with Defendants' lawful business.

52. Plaintiffs' conduct constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Plaintiffs' actions are likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendants' goods or services.

53. As a direct and proximate result of Plaintiffs' conduct, Defendants have suffered and will continue to suffer damages, including but not limited to loss of business opportunities, injury to reputation, and costs incurred in defending against Plaintiffs' improper claims.

54. Defendants are entitled to recover damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1117(a), as well as such other relief as the Court deems just and proper.

## THIRD COUNTERCLAIM
### Injunctive Relief (Lanham Act § 34, 15 U.S.C. § 1116)

55. Defendants repeat and reallege the foregoing paragraphs as if fully set forth herein.

56. Since 2016, Defendants have lawfully, continuously, and in good faith used the name *Zafem* in commerce in connection with the writing, production, performance, and promotion of Haitian music. The *Zafem* name has become widely recognized among audiences in the United States and abroad as uniquely identifying Defendants' musical group and its creative works.

57. Plaintiffs have asserted wrongful claims of ownership and have engaged in conduct intended to interfere with Defendants' ongoing use of the *Zafem* name, including, upon information and belief, making false or misleading representations to third parties, music platforms, and event organizers that Defendants are infringing Plaintiffs' alleged mark. Such conduct threatens to disrupt Defendants' business relationships, live performances, streaming activities, and goodwill in the marketplace, and has caused and will continue to cause irreparable harm to Defendants' reputation and livelihood unless enjoined.

58. Defendants have established superior common-law rights through prior and continuous use, and Plaintiffs have no lawful basis to restrict or interfere with Defendants' use of the name *Zafem*. Absent injunctive relief, Defendants will continue to suffer irreparable harm for which there is no adequate remedy at law.

59. Accordingly, pursuant to 15 U.S.C. § 1116(a) and this Court's equitable powers, Defendants are entitled to a permanent injunction restraining Plaintiffs, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly interfering with or attempting to restrict Defendants' lawful use of the name *Zafem* in commerce, including but not limited to any communication with promoters, streaming services, venues, media outlets, or third parties suggesting that Defendants are not authorized to use the name *Zafem* for their band.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment as follows:

a) Dismissing Plaintiffs WISS JOSEPH and MARIE JOSEPH's claims with prejudice.

b) On Defendants' First Counterclaim, ordering the cancellation of Trademark Registration No. 6236579 pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1064(1) and 15 U.S.C. § 1119).

c) On defendants' Second Counterclaim, awarding damages in favor of defendants, in an amount to be determined at trial, but in no event less than $500,000, plus interest, attorneys' fees, and costs.

d) On defendants' Third Counterclaim, permanently enjoining Plaintiffs WISS JOSEPH and MARIE JOSEPH, and all persons or entities acting in concert or participation with them, from directly or indirectly interfering with, restricting, or otherwise impeding Defendants' lawful use of the name *Zafem* in connection with the writing, production, promotion, performance, and distribution of musical works; and further ordering that Plaintiffs refrain from making any false or misleading representations to third parties, including streaming platforms, event promoters, or media outlets, suggesting that

Defendants lack authority to use the *Zafem* name or that such use infringes Plaintiffs' alleged mark.

e) Awarding Defendants their reasonable costs and fees, including attorneys' fees pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

f) Granting Defendants such other and further relief as the Court may deem just and proper.

## Jury Demand

Defendants demand a trial by jury on all issues triable by a jury.

Dated: December 8, 2025
New York, New York

Respectfully Submitted:

SCOOLIDGE PETERS RUSSOTTI & FOX LLP

By: /s/ Kelly Paul Peters
Kelly Paul Peters
2 Park Avenue, 20th Floor
New York, New York 10016
Tel: 212-729-7708
kelly@sprfllp.com

*Attorneys for Defendants*